# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED MICHAEL WARD,<br><br>                    Plaintiff,<br><br>         v.<br><br>MARGARET MIMS, et al.,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:12-cv-01892-GBC (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1)<br><br>AMENDED COMPLAINT DUE WITHIN FOURTEEN DAYS |

**I.    Procedural History**

Jared Michael Ward ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On November 19, 2012, Plaintiff filed the complaint which is presently before this Court. Doc. 1.

**II.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III. Plaintiff's Complaint

Plaintiff is currently a prisoner at the Fresno County Jail (FCJ) in Fresno, California. The events central to Plaintiff's complaint occurred while he was at prisoner at FCJ. Doc. 1. In the complaint, Plaintiff names the following defendants: 1) Margaret Mims (Sheriff at FCJ); and 2) "Officer of the Fresno Co[unty] Jail." Doc. 1 at 3. Plaintiff seeks injunctive relief in addition to monetary damages. Doc. 1 at 3.

Plaintiff alleges that on August 23, 2012, he was transferred from Atascadero State Hospital to FCJ. Doc. 1 at 3. Upon being processed into FCJ, the officers in booking confiscated Plaintiff's legal property and would not allow Plaintiff to possess even a few documents which were very important for court. Doc. 1 at 3. Plaintiff grieved the issue, but got no relief. Doc. 1 at 3. According to Plaintiff, it is the policy and practice of FCJ to seize and withhold all legal papers when booking an inmate and such violated Plaintiff's Due Process rights and right to access the courts. Doc. 1 at 3.

### IV. Legal Standards and Analysis

#### A. Due Process

The Due Process Clause protects prisoners from being deprived of property without due

1  process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected
2  interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974).  However,
3  while an authorized, intentional deprivation of property is actionable under the Due Process Clause,
4  *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455
5  U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor
6  unauthorized intentional deprivations of property by a state employee "constitute a violation of the
7  procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
8  postdeprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533. California provides such
9  a remedy.  *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

10  Only an authorized, intentional deprivation of property is actionable under the Due Process
11  Clause.  *Hudson*, 468 U.S. at 533.  An authorized deprivation is one carried out pursuant to
12  established state procedures, regulations, or statutes.  *See Logan*, 455 U.S. at 436; *see also Knudson
13  v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).  Authorized deprivations of property are
14  permissible if carried out pursuant to a regulation that is reasonably related to a legitimate
15  penological interest.  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  "An unauthorized intentional
16  deprivation of property by a state employee does not constitute a violation of the procedural
17  requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
18  post-deprivation remedy for the loss is available."  *Hudson*, 468 U.S. at 533. Thus, where the state
19  provides a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute
20  actionable violations of the Due Process Clause.  *Hudson*, 468 U.S. at 533.

21  **1.   Analysis**

22  Plaintiff alleges that officers confiscated legal documents pursuant to a policy. Doc. 1 at 3.
23  Authorized deprivations of property are permissible if carried out pursuant to a regulation that is
24  reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987).
25  Plaintiff fails to state a § 1983 claim for deprivation of his property. Plaintiff alleges an unauthorized
26  intentional or negligent deprivation of his property by a state employee.  A policy of temporarily
27  confiscating legal documents upon initial processing of a new inmate does not appear to state a due
28  process claim. Moreover, Plaintiff fails to link the alleged deprivation to a specific act or omission

3

by a named defendant. As such, Plaintiff fails to state a due process claim.

### B. Access to Courts

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996); *Silva v. Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust* , 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted); *Christopher v. Harbury,* 536 U.S. 403, 415 (2002); *Lewis*, 518 U.S. at 351; *Phillips*, 588 F.3d at 655.

#### 1. Analysis

While Plaintiff has a constitutional right to access the courts, the interference complained of by Plaintiff must have caused him to sustain an actual injury to his litigation. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff does not state what injury the deprivation of legal documents has caused to his litigation and thus, fails to state a claim.

### C. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff lists Defendant Mims and an unenumerated number of John Doe defendants. However, Plaintiff fails to link each defendant to a specific act or omission which resulted in a constitutional violation. For example, although Plaintiff lists Defendant Mims, Plaintiff never explains how Defendant Mims is responsible for violating Plaintiff's constitutional rights.

If Plaintiff chooses to amend, Plaintiff must link each named defendant to a specific action which directly caused the alleged constitutional violation. Plaintiff can use "John Doe" defendants, but must clearly state "John Doe" followed by a number to identify the separate actions of the individual John Doe defendants, for example, John Doe 1 and John Doe 2.

### V. Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1  1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2  2. Plaintiff's complaint, filed November 18, 2012, is dismissed for failure to state a
3  claim upon which relief may be granted;

4  3. Within **fourteen (14) days** from the date of service of this order, Plaintiff shall file
5  an amended complaint; and

6  4. If Plaintiff fails to file an amended complaint in compliance with this order, this
7  action will be dismissed, with prejudice, for failure to state a claim.

8

9 IT IS SO ORDERED.

10

Dated:   November 29, 2012

11                                                                                   _____
                                                    UNITED STATES MAGISTRATE JUDGE